**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| FLEXICRAFT INDUSTRIES, INC., THE METRAFLEX COMPANY d/b/a HOSECRAFT USA, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiff E. I. du Pont de Nemours and Company ("DuPont" or "Plaintiff") states its

Complaint against Defendants Flexicraft Industries, Inc. and The Metraflex Company d/b/a

Hosecraft USA, Inc. (collectively, "Defendants") as follows:

**NATURE OF THE CASE**

1.      This suit arises from Defendants' blatant efforts to trade on DuPont's substantial

goodwill in the famous TEFLON® trademark by making prominent and repeated online use of

the mark in selling industrial products—as depicted below— notwithstanding that Defendants

opt not to purchase fluoropolymer ingredients originating from DuPont that could properly be

sold under the TEFLON® trademark through a license (thereby avoiding payment of licensing

fees and compliance with DuPont's quality standards):



TC1 BRAIDED TEFLON CONVOLUTED HOSE



The Model TC1 is a convoluted PTFE Teflon ® hose with a stainless steel braiding, available up to 2" diameters. The convolutions provide a far tighter bend radius than the smooth bore alternatives. It is lightweight, and handles a very broad range of chemicals at relatively high temperatures and pressures, and will not deteriorate in service. It is used in countless tough industrial applications where a smooth bore is not required. Commonly provided with JIC, NPT or many other fittings. -65F to 400F.

TS1 BRAIDED TEFLON SMOOTH BORE HOSE



TS1 is a smooth bore PTFE Teflon ® hose with a stainless steel braiding, available up to 2" diameters. It is lightweight, and handles a very broad range of chemicals at relatively high temperatures amd pressures, and will not deteriorate in service. It is used applications where continual large bending is not required.

-65F to 450F.

2.      Defendants' unauthorized use of the TEFLON® trademark is excessively prominent and attention-getting, suggests sponsorship or endorsement by DuPont, and does not reflect a true and accurate relationship between DuPont and Defendants' products.

3.       The prominent and repeated display of the TEFLON® trademark by Defendants is likely to confuse, deceive, or mislead consumers into believing that Defendants' products originate with or are otherwise affiliated, sponsored, or endorsed by DuPont, when they are not. To stop this consumer confusion and the resulting harm to the public and to DuPont, DuPont brings this action for trademark infringement, unfair competition, and trademark dilution.

## THE PARTIES

4.      Plaintiff DuPont is a Delaware corporation with a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

5.      Defendant Flexicraft Industries, Inc. is an Illinois corporation with a principal place of business at 2323 W. Hubbard Street, Chicago, Illinois 60612.

6.      Defendant The Metraflex Company is an Illinois corporation with a principal place of business at 2323 W. Hubbard Street, Chicago, Illinois 60612.

7.      Defendants are engaged in the sale of various products in the United States, including in this District, through their websites at http://www.flexicraft.com and http://www.hosecraftusa.com ("Defendant's Websites").

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under § 39 of the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a)(c), and under 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over DuPont's related state law claim pursuant to 28 U.S.C. §§ 1338 and 1367.

9.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are doing business in this District, have committed tortious acts in this District, have directed their infringing conduct into this District, and have otherwise established jurisdictionally sufficient contacts within this District.

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are doing business in, and therefore reside in, this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### The Well-Known TEFLON® Trademark

11.      DuPont is internationally known for the development, manufacture, sale, and distribution of innovative products and ingredients.  In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as

polytetrafluoroethylene ("PTFE").  PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

12.     In approximately 1944, DuPont coined the fanciful trademark TEFLON® for use in connection with PTFE and products containing PTFE.

13.     The TEFLON® trademark is used in connection with industrial additives, coatings, films, resins, yarns, fabrics, and textile and surface protection treatments.  The versatility of TEFLON® allows for almost unlimited application, including with a wide variety of goods.

14.     The TEFLON® trademark has been used by DuPont in connection with a wide array of products containing other fluorine-based polymer derivatives that prevent sticking or provide other properties, such as insulation, heat and chemical resistance, friction reduction, and providing anti-corrosive, anti-stain or water repellency attributes.  The products sold using the TEFLON® trademark range from surface and textile treatments including apparel to wiper blades, and include not only cookware and bakeware coatings, but also home and garden products (including exterior and interior paint, and surface protector offerings for the protection of tile, glass, and stone); composite parts for electric and electronics equipment; insulation for wire, cable, tubing, hoses, and gaskets for multiple industries; fabric protectors for home textiles and bedding; greases, lubricants, and oils; friction-resistant resins for sports and recreational equipment (including tennis rackets); coatings and insulation materials for medical devices and equipment; light bulbs; personal care products (*e.g.*, hair straighteners, hair curlers, men's razors, and eyeglasses); and building and construction materials (including the coating on the Statue of Liberty).

15.     DuPont owns at least ten registrations on the Principal Register for trademarks

comprised of or incorporating the TEFLON® mark, including the following:

| Mark | Registration Date | Registration No. | Class of Goods |
|---|---|---|---|
| TEFLON | January 8, 1946 | 418,698 | 017 |
| TEFLON | May 27, 1952 | 559,331 | 002 |
| TEFLON | March 20, 1956 | 623,605 | 023 |
| TEFLON | March 31, 1959 | 676,166 | 001 |
| TEFLON | April 11, 1967 | 827,105 | 002 |
| TEFLON | January 16, 1979 | 1,111,147 | 001 |
| TEFLON | April 24, 1990 | 1,592,650 | 001 |
| TEFLON | July 30, 2002 | 2,601,355 | 012 |
| TEFLON | February 6, 2007 | 3,206,677 | 003 |
| TEFLON | March 17, 2009 | 3,590,266 | 004 |

True and correct copies of the Certificates of Registration are attached as **Exhibit 1**.

16.     The ten above-identified registrations are valid and in full force and effect and are *prima facie* proof of DuPont's exclusive rights to own and use the TEFLON® trademark.

17.     Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. § § 1058 and 1065, for nine of the ten registrations listed above in Paragraph 15, and accordingly each is incontestable.  The nine incontestable registrations are as follows: Registration Nos. 418,698; 559,331; 623,605; 676,166; 827,105; 1,111,147; 1,592,650; 2,601,355; and 3,206,677.

18.     DuPont's TEFLON® fluoropolymer products have been a tremendous commercial success.  Since 1944, DuPont has generated billions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® mark.

19.     DuPont and its licensees have spent tens of millions of dollars in advertising and promotion of the TEFLON® mark, and products sold under the TEFLON® mark.

20.     Over the course of seventy years, the TEFLON® trademark has achieved an extraordinary level of fame and consumer recognition as a source identifier for DuPont's fluoropolymers.  The TEFLON® trademark has come to identify high quality and dependable products originating exclusively from DuPont and its licensees.

21.     DuPont's TEFLON® trademark is famous under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, because "it is widely recognized by the general consuming public as a designation of source of the goods or services of the mark's owners."  Over 40 years ago, in *In re Miller*, 441 F.2d 689, 690 (C.C.P.A. 1971), the court referred to DuPont's goods as "well known under the trademark 'Teflon.'"  DuPont's TEFLON® trademark was famous long before Defendants made any use of that mark.

22.     DuPont's TEFLON® trademark is both conceptually and commercially strong.  In *E.I. DuPont de Nemours & Co. v. Yoshida Int'l, Inc.*, 383 F. Supp. 502, 522 (E.D.N.Y. 1975), the court found that the TEFLON® trademark is "a strong trademark deserving of broad protection from infringement."

23.     Unsolicited media coverage has referred to "TEFLON, the well-known 'non-stick' plastic" (*New York Times*,, May 2, 1999), the "widely-recognized, 58-year-old Teflon brand" (*Chicago Tribune*, August 24, 2003), "well-known product lines like Teflon" (*The Detroit News*, December 12, 2007), and "such well-known monikers as Teflon" (*Atlanta Journal and Constitution*, May 5, 1996).

24.     DuPont's TEFLON® trademark is used for a wide range of goods, and, as the court found in *Yoshida Int'l*, "If DuPont's past history is any guide, . . . a reasonable possibility

- 6 -

exists that the many uses of TEFLON in widely varied commercial applications may be expanded . . . ."  383 F. Supp. at 518.

25.     As a result of DuPont's longstanding use and promotion of the TEFLON®
trademark, and as reflected in its incontestable trademark registrations, the consuming public and trade recognizes and associates the TEFLON® trademark with DuPont.  The TEFLON® trademark has acquired a high degree of public recognition and distinctiveness as a symbol of the source of high quality products offered by DuPont, and embodies a valuable reputation and goodwill belonging exclusively to DuPont.

**Defendants' Wrongful Conduct**

26.     Defendants manufacture and distribute industrial products, including expansion joints, flexible connectors, and hoses.

27.     Since at least June 2013, Defendants have offered for sale products using the TEFLON® trademark, even though the products do not contain genuine TEFLON® fluoropolymers or otherwise are not authorized to be sold under the TEFLON® trademark (the "Infringing Products").  Examples of Defendants' prominent use of the TEFLON® trademark in connection with the sale of its products are attached collectively as **Exhibit 2**.

28.     The Infringing Products offered for sale and sold by Defendants are not sponsored or endorsed in any way by DuPont.  DuPont has no ability to control the quality of Defendants' products.

29.     Defendants' prominent, commercial uses of the TEFLON® trademark have been and continue to be without authorization or permission from DuPont.

30.     Defendants' use of the TEFLON® trademark in connection with the Infringing Products and Defendants' Websites is likely to deceive, confuse, and mislead consumers into

believing that the Infringing Products are made, sponsored, endorsed, or in some other manner

authorized, by DuPont, which they are not.  This is especially damaging with respect to those

persons who perceive a defect or lack of quality in Defendants' Infringing Products.  The

likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of

DuPont's mark is causing irreparable harm to the goodwill symbolized by the TEFLON®

trademark and the reputation for quality that it embodies.

31.     Upon information and belief, Defendants knowingly, willfully, intentionally, and

maliciously made and continue to make prominent use of the TEFLON® trademark to exploit the

commercial magnetism of the TEFLON® brand and falsely suggest that Defendants' Infringing

Products are made, sponsored, or endorsed by DuPont.

32.     Defendants' actions are causing irreparable harm to DuPont and the public, and

will continue to injure DuPont and the public unless enjoined by the Court.  Defendants'

wrongful acts will harm the goodwill associated with DuPont's TEFLON® brand, and result in

injury that cannot readily be quantified or recaptured.  Accordingly, DuPont and the public have

a strong interest in stopping Defendants' conduct.

33.     Upon learning of Defendants' inappropriate use of the TEFLON® trademark,

DuPont contacted Defendants demanding that they cease all use of the mark.  Because

Defendants continue to make such unauthorized use, DuPont was forced to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

34.     DuPont repeats and incorporates by reference the allegations in paragraphs 1

through 33.

35.     Defendants' use of DuPont's TEFLON® trademark is likely to cause confusion,

deception, and mistake by creating the false and misleading impression that Defendants' goods

are manufactured or distributed by DuPont, are associated or connected with DuPont, or have the sponsorship, endorsement, or approval of DuPont.

36. Defendants are using a trademark that not only is confusingly similar to DuPont's federally registered TEFLON® trademark, but actually is identical, in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to DuPont's goodwill and reputation as symbolized by the TEFLON® trademark, for which DuPont has no adequate remedy at law.

37. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark to DuPont's great and irreparable injury.

38. Defendants have caused and are likely to continue causing substantial injury to the public and substantial, irreparable harm to DuPont, and DuPont is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125, 1116 and 1117.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition)**

39. DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 33.

40. Defendants' use of the TEFLON® trademark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured and distributed by DuPont, or affiliated, connected, or associated with DuPont, or have the sponsorship, endorsement, or approval of DuPont.

41. Defendants have made false representations, false descriptions, and false

designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and injury to DuPont's goodwill and reputation as symbolized by the TEFLON® trademark, for which DuPont has no adequate remedy at law.

42.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark to the great and irreparable injury of DuPont.

43.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to DuPont, and DuPont is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

**THIRD CLAIM FOR RELIEF**
**(Federal Trademark Dilution)**

44.     DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 33.

45.     DuPont has extensively and continuously promoted and used the TEFLON® trademark both in the United States and throughout the world.  The TEFLON® trademark became a famous and well-known symbol of DuPont's goods and services well before Defendants offered for sale the Infringing Products.

46.     Defendants are making use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of DuPont's TEFLON® trademark by eroding the public's exclusive identification of the famous mark with DuPont and otherwise lessening the capacity of the TEFLON® trademark to identify and distinguish DuPont's goods and services.

47.    Defendants have caused and will continue to cause irreparable injury to DuPont's goodwill and business reputation, and dilution of the distinctiveness and value of DuPont's famous and distinctive TEFLON® trademark in violation of 15 U.S.C. § 1125(c).  DuPont therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116, and 1117.

**FOURTH CLAIM FOR RELIEF**
**(State Trademark Dilution and Injury to Business Reputation)**

48.    DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 33.

49.    DuPont has extensively and continuously promoted and used DuPont's TEFLON® trademark in the United States and the mark has become a distinctive and well-known symbol of DuPont's goods and services.

50.    Defendants' unauthorized use of DuPont's TEFLON® trademark dilutes and is likely to dilute the distinctiveness of the mark by eroding the public's exclusive identification of the distinctive and well-known TEFLON® trademark with DuPont.

51.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark.

52.    Defendants are causing and will continue to cause irreparable injury to DuPont's goodwill and business reputation in violation of DEL. ANN. CODE tit. 6, § 3313, and the laws of several States.

## PRAYER FOR RELIEF

WHEREFORE, DuPont prays for judgment against Defendants as follows:

A.        Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, though, or under authority from Defendants, or in concert or participation with Defendants, be enjoined permanently, from:

1.   using the TEFLON® trademark or any other copy, reproduction, or confusingly similar imitation or simulation of the TEFLON® trademark on or in connection with Defendants' goods or services;

2.   using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, the trademarks, trade dresses, service marks, names, or logos of DuPont;

3.   using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by DuPont, or are sponsored or authorized by or in any way connected or related to DuPont;

4.   using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dresses, service marks, names, or logos of DuPont; and

     5.   passing off, palming off, or assisting in passing off or palming off, Defendants' goods or services as those of DuPont.

B.     Defendants be ordered to cease offering for sale, marketing, promoting, and selling, and to recall and retrieve all products bearing the TEFLON® trademark, or any other confusingly similar variation, which are in Defendants' possession or have been shipped by Defendants or under their authority, to any store or customer, including but not limited to, any wholesaler, distributor, distribution center, retail store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

C.     Defendants be ordered to deliver up for impoundment and for destruction, all products, packaging, bags, boxes, labels, tags, signs, receptacles, advertising, promotional material, stationary, or other materials in the possession, custody, or under the control of Defendants that bear the TEFLON® trademark or any other confusingly similar variation;

D.     Defendants be compelled to account for and disgorge to DuPont any and all profits derived by Defendants from the sale or distribution of infringing goods as described in this Complaint;

E.     DuPont be awarded all damages caused by the acts forming the basis of this Complaint;

F.     Based on Defendants' knowing and intentional use of DuPont's federally registered TEFLON® trademark, the damages awarded be trebled and the award of Defendants' profits be enhanced in accordance with the provisions of 35 U.S.C. § 284 and/or 15 U.S.C. § 1117(a) and (b);

G.      Defendants be required to pay DuPont the costs and reasonable attorneys' fees incurred by DuPont in this action pursuant to 15 U.S.C. § 1117(a);

H.      Defendants be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

I.      DuPont have such other and further relief as the Court may deem just.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DuPont respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William H. Brewster
Jessica A. Pratt
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Tel:  (404) 815-6500


Dated:  December 30, 2014
1176539 / 20120-

By:   */s/ Richard L. Horwitz*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        bpalapura@potteranderson.com

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*